# U.S. District Court
## District of North Dakota (Western)
## CIVIL DOCKET FOR CASE #: 1:24−cv−00150−DMT−CRH
### *Internal Use Only*

| | |
|---|---|
| Kansas, State of et al v. United States of America et al | Date Filed: 08/08/2024 |
| Assigned to: Judge Daniel M. Traynor | Jury Demand: None |
| Referred to: Magistrate Judge Clare R. Hochhalter | Nature of Suit: 899 Other Statutes: |
| Cause: 05:702 Administrative Procedure Act | Administrative Procedures Act/Review or |
| | Appeal of Agency Decision |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Kansas, State of**   represented by   **Abhishek Kambli**
Kansas Attorney General's Office
Special Litigation and Constitutional Issues
Division
120 SW 10th Avenue
Ste 2nd Floor
Topeka, KS 66612
785−296−6109
Email: abhishek.kambli@ag.ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Rodriguez**
Office of the Kansas Attorney General
120 SW 10th Ave
66612
Topeka, KS 66612
785−260−3960
Email: jay.rodriguez@ag.ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kris Kobach**
Kansas Attorney General's Office
Kansas
120 SW 10th Ave
Topeka
Topeka, KS 66612
785−296−2218
Email: kris.kobach@ag.ks.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**North Dakota, State of**   represented by   **Philip Axt**
ND Office of the Attorney General

600 E. Boulevard Ave., Dept 125
Bismarck, ND 58505
701–328–2210
Email: pjaxt@nd.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alabama, State of**                    represented by **Robert Overing**
Office of The Attorney General – Alabama
501 Washington Avenue
Montgomery, AL 36130
334–242–7300
Email: robert.overing@alabamaag.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Idaho, State of**                    represented by **Alan M Hurst**
Idaho Office of the Attorney General
P. O. Box 83720
Boise, ID 83720–0010
208–974–8773
Email: alan.hurst@ag.idaho.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Maurer**
Idaho Office of the Attorney General
Civil Litigation Division
700 W. Jefferson Street
Boise, ID 83702
208–332–3556
Email: matthew.maurer@ag.idaho.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Indiana, State of**                    represented by **James A. Barta**
Office of IN Attorney General
302 West Washington Street
IGCS–5th Floor
Indianapolis, IN 46204
317–232–0709
Email: james.barta@atg.in.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Iowa, State of**                    represented by

Eric H Wessan
Iowa Department of Justice
Solicitor General
1305 Walnut St.
Des Moines, IA 50319
515–823–9117
Email: eric.wessan@ag.iowa.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Missouri, State of**                    represented by **Joshua Divine**

Office of The Missouri Attorney General
207 W. High St.
PO Box 899
Jefferson City, MO 65102
573–751–8870
Email: josh.divine@ago.mo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Montana, State of**                    represented by **Christian Brian Corrigan**

Montana Attorney General's Office
Helena
P.O. Box 201401
215 North Sanders
59620
Helena, MT 59601
406–444–2707
Email: christian.corrigan@mt.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Martin Torstensen , Jr**
Montana Attorney General's Office
P.O. Box 201401
215 North Sanders
Helena
Helena, MT 59620–1401
406–444–2026
Email: peter.torstensen@mt.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nebraska, State of**                    represented by **Zachary Brent Pohlman**

Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508
402–471–2683

Email: zachary.pohlman@nebraska.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**New Hampshire, State of**                represented by   **Brandon F. Chase**
NH Department of Justice
Office of the Attorney General, Civil
Bureau
33 Capitol Street
Concord, NH 03301
603–271–3650
Email: brandon.f.chase@doj.nh.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ohio, State of**                         represented by   **Thomas Elliot Gaiser**
Ohio Attorney General
Office of Solicitor General
30 E. Broad St.
Ste 17th Floor
Columbus, OH 43215
614–466–8980
Email: thomas.gaiser@ohioago.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**South Carolina, State of**               represented by   **Joseph David Spate**
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211
803–734–3371
Email: josephspate@scag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**South Dakota, State of**                 represented by   **Clifton E Katz**
Office of the Attorney General South
Dakota
1302 E. Highway 14
Suite 1
Pierre, SD 57501
605–773–3215
Fax: 605–773–4106
Email: clifton.katz@state.sd.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Marty J. Jackley
Office of the Attorney General
1302 E. Highway 14
Suite 1
Pierre, SD 57501
605–773–3215
Fax: 605–773–4106
Email: marty.jackley@state.sd.us
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tennessee, State of**          represented by   **Whitney D. Hermandorfer**
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
615–741–7403
Email: whitney.hermandorfer@ag.tn.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Daniel Mounce**
Tennessee Attorney General's Office
500 Martin Luther King Blvd.
John Sevier Building
Ste 5210
Nashville, TN 37243
615–741–1400
Fax: 615–532–8624
Email: bdmounce@gmail.com
*TERMINATED: 11/19/2024*

**Plaintiff**

**Commonwealth of Virginia**          represented by   **Kevin Michael Gallagher**
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
804–592–8307
Email: kgallagher@oag.state.va.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Commonwealth of Kentucky**          represented by   **Zachary Zimmerer**
1024 Capital Center Drive Suite 126A
Frankfort, KY 40601
502–696–5617
Email: zachary.zimmerer@ky.gov
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Texas, State of**  represented by  **Monroe David Bryant , Jr**
Texas Attorney General's Office
Special Litigation Unit
P.O Box 12548
(MC−009)
Austin, TX 78711−2548
512−936−2266
Fax: 512−457−4110
Email: david.bryant@oag.texas.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Munera Al−Fuhaid**
Texas Attorney General's Office
P.O. Box 1449
Austin, TX 78767
512−472−2700
Email: munera.al−fuhaid@oag.texas.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Florida, State of**  represented by  **Natalie Christmas**
Florida Attorney General's Office
PL−01 The Capitol
Tallahassee, FL 32399
850−245−3300
Email: natalie.christmas@myfloridalegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Arkansas, State of**  represented by  **Dylan L. Jacobs**
Arkansas Attorney General
323 Center St
Suite 200
Little Rock, AR 72201
501−682−3661
Email: dylan.jacobs@arkansasag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas J. Bronni**
Arkansas Attorney General
323 Center St.
Suite 200

Little Rock, AR 72201
501–682–6302
Email: nicholas.bronni@arkansasag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States of America**                    represented by    **Christopher A. Eiswerth**
DOJ–Civ
Federal Programs Branch
1100 L Street, NW
Ste 12310
Washington, DC 20005
202–305–0568
Email: christopher.a.eiswerth@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Centers for Medicare & Medicaid**             represented by    **Christopher A. Eiswerth**
**Services**                                                       (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Claudia Moya Lopez**                          represented by    **Betty Yang**
Betty Yang
2001 Ross Avenue
Suite 2100
Dallas, TX 75201
214–698–3226
Email: byang@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Gabrielle Levin Lessard**
National Immigration Law Center
3450 Wilshire Blvd
Ste #108–62
Los Angeles, CA 90010
213–639–3900
Fax: 213–639–3900
Email: lessard@nilc.org
*TERMINATED: 12/06/2024*
*PRO HAC VICE*

**Hilda Bonilla**
National Immigration Law Center
1121 14th Street, N.W.,

Ste. 200
Washington, DC 20005
213–674–2907
Email: bonilla@nilc.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joanna Cuevas Ingram**
National Immigration Law Center
PO Box 34573
Washington, DC 20043
213–377–5258
Fax: 213–639–3911
Email: cuevasingram@nilc.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Matthew Butler**
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
202–887–3739
Email: mbutler@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Matthew Rozen**
Gibson Dunn & Crutcher
1700 M. Street NW
Washington, DC 20036–4504
202–887–3596
Email: mrozen@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Nicholas David Espiritu**
National Immigration Law Center
3450 Wilshire Boulevard
Ste # 108–62
Los Angeles, CA 90010
213–639–3900
Fax: 213–639–3911
Email: espiritu@nilc.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tanya Broder**
National Immigration Law Center
3450 Wilshire Blvd.
No. 108–62
Los Angeles, CA 90010
510–663–8282
Fax: 213–639–3911
Email: broder@nilc.org

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**Dania Quezada Torres**                    represented by   **Betty Yang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gabrielle Levin Lessard**
(See above for address)
*TERMINATED: 12/06/2024*
*PRO HAC VICE*

**Hilda Bonilla**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joanna Cuevas Ingram**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Matthew Butler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Rozen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas David Espiritu**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tanya Broder**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**Hyun Kim**                    represented by   **Betty Yang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gabrielle Levin Lessard**
(See above for address)
*TERMINATED: 12/06/2024*
*PRO HAC VICE*

**Hilda Bonilla**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joanna Cuevas Ingram**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Matthew Butler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Rozen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas David Espiritu**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tanya Broder**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**CASA, Inc.**                              represented by **Betty Yang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gabrielle Levin Lessard**
(See above for address)
*TERMINATED: 12/06/2024*
*PRO HAC VICE*

**Hilda Bonilla**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joanna Cuevas Ingram**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Matthew Butler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Rozen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas David Espiritu**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tanya Broder**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**New Jersey, State of**                      represented by    **Joshua Paul Bohn**
                                              New Jersey Office of the Attorney General
                                              Division of Law
                                              25 Market Street
                                              P.O. Box 112
                                              Trenton, NJ 08625
                                              609–376–3377
                                              Email: joshua.bohn@law.njoag.gov
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

**Amicus**

**Connecticut, State of**                     represented by    **Joshua Paul Bohn**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Amicus**

**Oregon, State of**                          represented by    **Joshua Paul Bohn**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Amicus**

**Vermont, State of**                         represented by    **Joshua Paul Bohn**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Amicus**

**California, State of**                       represented by    **Joshua Paul Bohn**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Amicus**

**Colorado, State of**                        represented by    **Joshua Paul Bohn**
                                              (See above for address)

*ATTORNEY TO BE NOTICED*

**Amicus**

**Delaware, State of**          represented by   **Joshua Paul Bohn**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**District of Columbia**        represented by   **Joshua Paul Bohn**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**Hawaii, State of**            represented by   **Joshua Paul Bohn**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**Illinois, State of**          represented by   **Joshua Paul Bohn**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**Maine, State of**             represented by   **Joshua Paul Bohn**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**Maryland, State of**          represented by   **Joshua Paul Bohn**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**Massachusetts, State of**     represented by   **Joshua Paul Bohn**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**Michigan, State of**          represented by   **Joshua Paul Bohn**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**Minnesota, State of**         represented by   **Joshua Paul Bohn**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**Nevada, State of**                     represented by   **Joshua Paul Bohn**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**New Mexico, State of**                 represented by   **Joshua Paul Bohn**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**New York, State of**                   represented by   **Joshua Paul Bohn**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Rhode Island, State of**               represented by   **Joshua Paul Bohn**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Washington, State of**                 represented by   **Joshua Paul Bohn**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**American Cancer Society Cancer**       represented by   **Benjamin M. Seel**
**Action Network**                                        Democracy Forward Foundation
                                                          P.O. Box 34553
                                                          Washington, DC 20043
                                                          202–448–9090
                                                          Fax: 202–796–4426
                                                          Email: bseel@democracyforward.org
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Robin F. Thurston**
                                                          Democracy Forward Foundation
                                                          P.O. Box 34553
                                                          Washington, DC 20043
                                                          202–448–9090
                                                          Email: rthurston@democracyforward.org
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**American Lung Association**            represented by   **Benjamin M. Seel**
                                                          (See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Epilepsy Foundation of America**          represented by   **Benjamin M. Seel**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Leukemia & Lymphoma Society**          represented by   **Benjamin M. Seel**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Muscular Dystrophy Association**          represented by   **Benjamin M. Seel**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 08/08/2024 | 1 | COMPLAINT against Centers for Medicare & Medicaid Services, United States of America (Filing fee $405, receipt number 100002401) filed by Ohio, State of, Idaho, State of, Nebraska, State of, South Carolina, State of, Kansas, State of, Alabama, State of, Commonwealth of Virginia, Tennessee, State of, Indiana, State of, Missouri, State of, Montana, State of, North Dakota, State of, South Dakota, State of, Iowa, State of, New Hampshire, State of. (Attachments: # 1 Civil Cover Sheet)(mf) (Entered: 08/08/2024) |
|---|---|---|
| 08/08/2024 | 2 | NOTICE of Direct Assignment as to Kansas, State of. Consent/Reassignment Form due by 8/22/2024. (mf) (Entered: 08/08/2024) |
| 08/08/2024 | 3 | NOTICE of Direct Assignment as to North Dakota, State of. Consent/Reassignment Form due by 8/22/2024. (mf) (Entered: 08/08/2024) |
| 08/08/2024 | 4 | NOTICE of Direct Assignment as to Idaho, State of. Consent/Reassignment Form due by 8/22/2024. (mf) (Entered: 08/08/2024) |
| 08/08/2024 | 5 | NOTICE of Direct Assignment as to Iowa, State of. Consent/Reassignment Form due by 8/22/2024. (mf) (Entered: 08/08/2024) |
| 08/08/2024 | 6 | NOTICE of Direct Assignment as to Missouri, State of. Consent/Reassignment Form due by 8/22/2024. (mf) (Entered: 08/08/2024) |
| 08/08/2024 | 7 | NOTICE of Direct Assignment as to Montana, State of. Consent/Reassignment Form due by 8/22/2024. (mf) (Entered: 08/08/2024) |
| 08/08/2024 | 8 | NOTICE of Direct Assignment as to Nebraska, State of. Consent/Reassignment Form due by 8/22/2024. (mf) (Entered: 08/08/2024) |
| 08/08/2024 | 9 | NOTICE of Direct Assignment as to New Hampshire, State of. Consent/Reassignment Form due by 8/22/2024. (mf) (Entered: 08/08/2024) |
| 08/08/2024 | 10 | NOTICE of Direct Assignment as to South Carolina, State of. Consent/Reassignment Form due by 8/22/2024. (mf) (Entered: 08/08/2024) |
| 08/08/2024 | 11 | NOTICE of Direct Assignment as to Tennessee, State of. Consent/Reassignment Form due by 8/22/2024. (mf) (Entered: 08/08/2024) |
| 08/08/2024 | 12 | NOTICE of Direct Assignment as to Commonwealth of Virginia. Consent/Reassignment Form due by 8/22/2024. (mf) (Entered: 08/08/2024) |
| 08/08/2024 | 13 | Summons Issued as to Centers for Medicare & Medicaid Services, United States of America, U.S. Attorney and U.S. Attorney General (mf) (Entered: 08/08/2024) |
| 08/09/2024 | 14 | CONSENT/REASSIGNMENT FORM by North Dakota, State of. (mf) (Entered: 08/09/2024) |
| 08/09/2024 | 15 | (Text Only) ORDER REASSIGNING CASE by Chief Judge Peter D. Welte. Case reassigned to Judge Daniel M. Traynor, as presiding judge, and Magistrate Judge Clare R. Hochhalter, as referral judge for all further proceedings. Magistrate Judge Clare R. Hochhalter no longer assigned as presiding judge. (mf) (Entered: 08/09/2024) |
| 08/09/2024 | 16 | CONSENT/REASSIGNMENT FORM by Nebraska, State of. (jb) (Entered: 08/09/2024) |
| 08/09/2024 | 17 | CONSENT/REASSIGNMENT FORM by Iowa, State of. (jb) (Entered: 08/09/2024) |

| 08/09/2024 | 18 | CONSENT/REASSIGNMENT FORM by Idaho, State of. (jb) (Entered: 08/09/2024) |
|---|---|---|
| 08/09/2024 | 19 | CONSENT/REASSIGNMENT FORM by Commonwealth of Virginia. (jb) (Entered: 08/09/2024) |
| 08/09/2024 | 20 | MOTION to Appear Pro Hac Vice Attorney Robert M. Overing (Filing fee $150, receipt number ANDDC–2963026) by Alabama, State of. (Overing, Robert) Modified to add receipt number on 8/9/2024 (sc). (Entered: 08/09/2024) |
| 08/09/2024 | 21 | CONSENT/REASSIGNMENT FORM by Kansas, State of. (jb) (Entered: 08/09/2024) |
| 08/09/2024 | 22 | (Text Only) ORDER by Magistrate Judge Clare R. Hochhalter granting 20 Motion to Appear Pro Hac Vice for Attorney Robert M. Overing. (sc) (Entered: 08/09/2024) |
| 08/09/2024 | 23 | NOTICE of Appearance by James A. Barta on behalf of Indiana, State of (Barta, James) (Entered: 08/09/2024) |
| 08/09/2024 | 24 | NOTICE of Appearance by Clifton E Katz on behalf of South Dakota, State of (Katz, Clifton) (Entered: 08/09/2024) |
| 08/15/2024 | 25 | CONSENT/REASSIGNMENT FORM by South Carolina, State of. (cjs) (Entered: 08/15/2024) |
| 08/26/2024 | 26 | NOTICE of Appearance by Thomas Elliot Gaiser on behalf of Ohio, State of (Gaiser, Thomas) (Entered: 08/26/2024) |
| 08/28/2024 | 27 | FIRST AMENDED COMPLAINT against Centers for Medicare & Medicaid Services, United States of America filed by Ohio, State of, Idaho, State of, Nebraska, State of, South Carolina, State of, Kansas, State of, Alabama, State of, Commonwealth of Virginia, Tennessee, State of, Indiana, State of, Missouri, State of, Montana, State of, North Dakota, State of, South Dakota, State of, Iowa, State of, New Hampshire, State of, Commonwealth of Kentucky, Texas, State of, Florida, State of, Arkansas, State of.(cjs) (Entered: 08/28/2024) |
| 08/28/2024 | 28 | MOTION to Appear Pro Hac Vice Attorney Zachary M Zimmerer (Filing fee $150, receipt number ANDDC–2974277) by Commonwealth of Kentucky. (Zimmerer, Zachary) Modified to add receipt number on 8/28/2024 (sc). (Entered: 08/28/2024) |
| 08/28/2024 | 29 | (Text Only) ORDER by Magistrate Judge Clare R. Hochhalter granting 28 Motion to Appear Pro Hac Vice for Attorney Zachary M. Zimmerer. (sc) (Entered: 08/28/2024) |
| 08/28/2024 | 30 | NOTICE of Appearance by Nicholas J. Bronni on behalf of Arkansas, State of (Bronni, Nicholas) (Entered: 08/28/2024) |
| 08/29/2024 | 31 | NOTICE of Appearance by Natalie Christmas on behalf of Florida, State of (Christmas, Natalie) (Entered: 08/29/2024) |
| 08/29/2024 | 32 | MOTION to Appear Pro Hac Vice Attorney David Bryant (Filing fee $150, receipt number ANDDC–2975205) by Texas, State of. (Bryant, Monroe) Modified on 8/29/2024 to add receipt number (mf) (Entered: 08/29/2024) |
| 08/29/2024 | 33 | MOTION to Appear Pro Hac Vice Attorney Munera Al–Fuhaid (Filing fee $150, receipt number ANDDC–2975211) by Texas, State of. (Al–Fuhaid, Munera) Modified on 8/29/2024 to add receipt number (mf) (Entered: 08/29/2024) |
| 08/29/2024 | 34 | |

| | | |
|---|---|---|
| | | (Text Only) ORDER by Magistrate Judge Clare R. Hochhalter granting <u>32</u> Motion to Appear Pro Hac Vice for Attorney M. David Bryant; granting <u>33</u> Motion to Appear Pro Hac Vice for Attorney Munera Al–Fuhaid (mf) (Entered: 08/29/2024) |
| 08/30/2024 | 35 | MOTION for Preliminary Injunction by Kansas, State of. (Attachments: # <u>1</u> Exhibit 1: Declaration of Steven Camarota, # <u>2</u> Exhibit 2: Declaration of Adam M. Meier )(Kambli, Abhishek) Modified to add more complete attachment descriptions on 9/3/2024 (sc). (Entered: 08/30/2024) |
| 08/30/2024 | 63 | MOTION to Stay by Kansas, State of. See document <u>35</u> . (jb) (Entered: 09/26/2024) |
| 09/03/2024 | | DOCKET CORRECTION re: <u>35</u> MOTION for Preliminary Injunction. Clerk's Office added more complete attachment descriptions. (sc) (Entered: 09/03/2024) |
| 09/03/2024 | 36 | *RESTRICTED – WRONG EVENT SELECTED* SUMMONS Returned Executed by Kansas, State of. Kansas, State of served on 8/30/2024, answer due 9/20/2024 (Rodriguez, James) Modified on 9/4/2024 to restrict access. (jb) (Entered: 09/03/2024) |
| 09/03/2024 | 37 | *RESTRICTED – WRONG EVENT SELECTED* SUMMONS Returned Executed by Kansas, State of. United States of America served on 8/30/2024, answer due 9/20/2024 (Rodriguez, James) Modified on 9/4/2024 to restrict access. (jb) (Entered: 09/03/2024) |
| 09/03/2024 | 38 | *RESTRICTED – WRONG EVENT SELECTED* SUMMONS Returned Executed by Kansas, State of. Centers for Medicare & Medicaid Services served on 8/30/2024, answer due 9/20/2024 (Rodriguez, James) Modified on 9/4/2024 to restrict access. (jb) (Entered: 09/03/2024) |
| 09/03/2024 | 39 | SUMMONS Returned Executed by Kansas, State of. Centers for Medicare & Medicaid Services served on 8/30/2024, answer due 10/29/2024; United States of America served on 8/30/2024, answer due 10/29/2024. (jb) (Entered: 09/04/2024) |
| 09/04/2024 | | Deadlines Terminated. Answer Due Date terminated for Kansas, State of, and United States of America. To be reset. (rh) (Entered: 09/04/2024) |
| 09/04/2024 | | Deadlines Terminated. Answer Due Date terminated for Centers for Medicare and Medicaid Services. To be reset. (rh) (Entered: 09/04/2024) |
| 09/04/2024 | | DOCKET CORRECTION re: <u>36</u> Summons Returned Executed, <u>37</u> Summons Returned Executed, and <u>38</u> Summons Returned Executed. Wrong event selected. Clerk's office restricted access to documents and re–filed as Summons Returned Executed as to USA at <u>39</u> . (jb) (Entered: 09/04/2024) |
| 09/05/2024 | 40 | CONSENT/REASSIGNMENT FORM by Texas, State of. (cjs) (Entered: 09/05/2024) |
| 09/06/2024 | 41 | NOTICE of Appearance by Christopher A. Eiswerth on behalf of All Defendants (Eiswerth, Christopher) (Entered: 09/06/2024) |
| 09/06/2024 | 42 | MOTION for Entry of Briefing Schedule re <u>35</u> MOTION for Preliminary Injunction *(JOINT)*, MOTION for Leave to File Excess Pages *(JOINT)* by Centers for Medicare & Medicaid Services, United States of America. (Attachments: # <u>1</u> Proposed Order)(Eiswerth, Christopher) (Entered: 09/06/2024) |
| 09/09/2024 | 43 | MOTION for Hearing *(Joint Motion)* by Kansas, State of. (Kambli, Abhishek) Modified on 9/10/2024 to correct motion relief. (jb) (Entered: 09/09/2024) |

| | | |
|---|---|---|
| 09/10/2024 | | DOCKET CORRECTION re: 43 Motion for Oral Argument (Miscellaneous Motion). Corrected motion relief from Miscellaneous Motion (Motion for Oral Argument) to Motion for Hearing. (jb) (Entered: 09/10/2024) |
| 09/10/2024 | 44 | (Text Only) ORDER by Judge Daniel M. Traynor granting 42 Motion for Entry of Briefing Schedule. Defendants' Response due on or before September 25, 2024, Plaintiffs' Reply due on or before October 9, 2024; |
| | | granting 42 Motion for Leave to File Excess Pages. Defendants' Response shall not exceed 30 pages, Plaintiffs' Reply shall not exceed 15 pages; |
| | | granting 43 Motion for Hearing. Motion for a Stay and Preliminary Injunction Hearing set for 10/15/2024 at 02:30 PM in Bismarck Courtroom 1 before Judge Daniel M. Traynor. (TL) (Entered: 09/10/2024) |
| 09/10/2024 | | Set/Reset Deadlines as to 35 MOTION for Preliminary Injunction . Responses due by 9/25/2024 Replies due by 10/9/2024. (mf) (Entered: 09/10/2024) |
| 09/20/2024 | 45 | NOTICE of Appearance by Matthew Rozen on behalf of CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres (Rozen, Matthew) (Entered: 09/20/2024) |
| 09/20/2024 | 46 | NOTICE of Appearance by Betty Yang on behalf of CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres (Yang, Betty) (Entered: 09/20/2024) |
| 09/20/2024 | 47 | NOTICE of Appearance by John Matthew Butler on behalf of CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres (Butler, John) (Entered: 09/20/2024) |
| 09/20/2024 | 48 | Corporate Disclosure Statement by CASA, Inc.. (Rozen, Matthew) (Entered: 09/20/2024) |
| 09/20/2024 | 49 | MOTION to Intervene by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Attachments: # 1 Memorandum of Law In Support, # 2 Declaration of Hyun Kim, # 3 Declaration of Dania Quezada Torres, # 4 Declaration of Claudia Moya Lopez, # 5 Declaration of George Escobar)(Rozen, Matthew) (Entered: 09/20/2024) |
| 09/20/2024 | 50 | MOTION to Transfer by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Attachments: # 1 Memorandum of Law In Support)(Rozen, Matthew) (Entered: 09/20/2024) |
| 09/20/2024 | 51 | MOTION to Appear Pro Hac Vice Attorney Hilda Bonilla (Filing fee $150, receipt number ANDDC−2988993) by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Bonilla, Hilda) Modified on 9/20/2024 to add receipt number (cjs). (Entered: 09/20/2024) |
| 09/20/2024 | 52 | MOTION to Appear Pro Hac Vice Attorney Joanna Elise Cuevas Ingram (Filing fee $150, receipt number ANDDC−2989048) by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Cuevas Ingram, Joanna) Modified on 9/20/2024 to add receipt number (mf) (Entered: 09/20/2024) |
| 09/20/2024 | 53 | MOTION to Appear Pro Hac Vice Attorney Nicholas Espiritu (Filing fee $150, receipt number ANDDC−2989050) by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Espiritu, Nicholas) Modified on 9/23/2024 to add receipt number (cjs). (Entered: 09/20/2024) |

| 09/20/2024 | 54 | MOTION to Appear Pro Hac Vice Attorney Tanya Broder (Filing fee $150, receipt number ANDDC–2989054) by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Broder, Tanya) Modified on 9/23/2024 to add receipt number (cjs). (Entered: 09/20/2024) |
|---|---|---|
| 09/20/2024 | 55 | MOTION to Appear Pro Hac Vice Attorney Gabrielle Lessard (Filing fee $150, receipt number ANDDC–2989061) by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Lessard, Gabrielle) Modified on 9/23/2024 to add receipt number (cjs). (Entered: 09/20/2024) |
| 09/20/2024 | 58 | MOTION for Oral Argument Hearing by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. See document 50 (mf) (Entered: 09/23/2024) |
| 09/23/2024 | 56 | (Text Only) ORDER by Magistrate Judge Clare R. Hochhalter granting 52 Motion to Appear Pro Hac Vice for Attorney Joanna Elise Cuevas Ingram. (mf) (Entered: 09/23/2024) |
| 09/23/2024 | 57 | (Text Only) ORDER by Magistrate Judge Clare R. Hochhalter granting 51 Motion to Appear Pro Hac Vice for Attorney Hilda Bonilla; granting 53 Motion to Appear Pro Hac Vice for Attorney Nicholas Espiritu; granting 54 Motion to Appear Pro Hac Vice for Attorney Tanya Broder; granting 55 Motion to Appear Pro Hac Vice for Attorney Gabrielle Lessard. (cjs) (Entered: 09/23/2024) |
| 09/23/2024 | | *FILED IN ERROR* DOCKET CORRECTION re: 50 Motion to Transfer. Multiple relief document filed as one relief. Clerk's Office filed Motion for Oral Argument Hearing at 58 . (mf) Modified on 9/25/2024 to add file din error text. (mf) (Entered: 09/23/2024) |
| 09/23/2024 | 59 | MOTION to Stay *Briefing Deadlines in Relation to Proposed Intervenors' Motions* by Kansas, State of. (Kambli, Abhishek) (Entered: 09/23/2024) |
| 09/24/2024 | 60 | RESPONSE to Motion re 59 MOTION to Stay *Briefing Deadlines in Relation to Proposed Intervenors' Motions* filed by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Rozen, Matthew) (Entered: 09/24/2024) |
| 09/24/2024 | 65 | MOTION to Expedite Briefing Schedule by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. See document 60 . (mf) (Entered: 09/27/2024) |
| 09/25/2024 | | DOCKET CORRECTION re: 50 Motion to Transfer, 58 Motion for Oral Argument, 59 Motion to Stay, and 60 Response to Motion. All documents were filed prematurely. Clerk's Office restricted access to documents as the Motion to Intervene has not yet been granted. (mf) (Entered: 09/25/2024) |
| 09/25/2024 | | DOCKET CORRECTION re: 50 Motion to Transfer, 58 Motion for Oral Argument, 59 Motion to Stay, and 60 Response to Motion. Clerk's Office restricted in error. (mf) (Entered: 09/25/2024) |
| 09/25/2024 | 61 | RESPONSE to Motion re 35 MOTION for Preliminary Injunction, 63 Motion to Stay filed by Centers for Medicare & Medicaid Services, United States of America. (Eisworth, Christopher) Modified on 9/26/2024 to add link. (jb) (Entered: 09/25/2024) |
| 09/25/2024 | 62 | SUPPLEMENT *Notice of Proposed Opposition to Plaintiffs' Motion for a Stay of the Final Rule and Preliminary Injunction (ECF No. 35)* to document: 49 MOTION to Intervene by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Attachments: # 1 Memorandum of Law)(Rozen, Matthew) Modified on 9/26/2024 to |

| | | |
|---|---|---|
| | | clean up docket text. (jb) (Entered: 09/25/2024) |
| 09/26/2024 | | DOCKET CORRECTION re: 35 Motion for Preliminary Injunction. Multiple relief document filed as as one relief. Clerk's office filed Motion to Stay at 63 ; re: 61 Response to Motion. Clerk's office added link. (jb) (Entered: 09/26/2024) |
| 09/26/2024 | 64 | RESPONSE to Motion re 59 MOTION to Stay *Briefing Deadlines in Relation to Proposed Intervenors' Motions* 65 MOTION to Expedite filed by Centers for Medicare & Medicaid Services, United States of America. (Eiswerth, Christopher) Modified on 9/27/2024 to correct link (cjs). (Entered: 09/26/2024) |
| 09/27/2024 | | DOCKET CORRECTION re: 64 Response to Motion. Clerk's Office corrected link. (cjs) (Entered: 09/27/2024) |
| 09/27/2024 | 66 | *RESTRICTED – WRONG EVENT SELECTED* MOTION to Stay re 65 MOTION to Expedite, 59 MOTION to Stay *Briefing Deadlines in Relation to Proposed Intervenors' Motions*, 60 Response to Motion *Reply* by Kansas, State of. (Rodriguez, James) Modified on 9/30/2024 to restrict access (mf) (Entered: 09/27/2024) |
| 09/27/2024 | 67 | REPLY to Response to Motion re 59 MOTION to Stay *Briefing Deadlines in Relation to Proposed Intervenors' Motions* filed by Kansas, State of. (mf) (Entered: 09/30/2024) |
| 09/30/2024 | | DOCKET CORRECTION re: 66 Motion to Stay. Wrong event selected. Clerk's office restricted access to document and re–filed as Reply to Response to Motion at 67 . (mf) (Entered: 09/30/2024) |
| 10/01/2024 | | *RESTRICTED – FILED IN WRONG CASE* DOCKET CORRECTION re: 39 ANSWER. Clerk's Office clarified docket text and added additional filer, Melissa M. Graftaas. (sl) Modified on 10/29/2024 to restrict access. Re–filed in correct case. NEF regenerated (lf). (Entered: 10/01/2024) |
| 10/01/2024 | 68 | NOTICE of Appearance by Joshua Paul Bohn on behalf of New Jersey, State of (Bohn, Joshua) (Main Document 68 replaced with non–fillable .pdf on 10/4/2024. NEF regenerated) (pb). (Entered: 10/01/2024) |
| 10/02/2024 | 69 | BRIEF re 61 Response to Motion *Brief of Amicus Curiae in Support of Defendants' Opposition to Plaintiffs' Motion for Stay of the Final Rule and Preliminary Injunction* by California, State of, Colorado, State of, Connecticut, State of, Delaware, State of, District of Columbia, Hawaii, State of, Illinois, State of, Maine, State of, Maryland, State of, Massachusetts, State of, Michigan, State of, Minnesota, State of, Nevada, State of, New Jersey, State of, New Mexico, State of, New York, State of, Oregon, State of, Rhode Island, State of, Vermont, State of, Washington, State of. (Bohn, Joshua) (Entered: 10/02/2024) |
| 10/02/2024 | 70 | MOTION to Appear Pro Hac Vice (Filing fee $150, receipt number ANDDC–2995983) by American Cancer Society Cancer Action Network, American Lung Association, Epilepsy Foundation of America, Leukemia & Lymphoma Society, and Muscular Dystrophy Association. (Seel, Benjamin) Modified to add receipt number on 10/3/2024 (sl). (Entered: 10/02/2024) |
| 10/02/2024 | 71 | MOTION to Appear Pro Hac Vice Attorney Robin F. Thurston (Filing fee $150, receipt number ANDDC–2995986) by American Cancer Society Cancer Action Network, American Lung Association, Epilepsy Foundation of America, Leukemia & Lymphoma Society, and Muscular Dystrophy Association. (Thurston, Robin) |

| | | |
|---|---|---|
| | | Modified to add receipt number on 10/3/2024 (sl). (Entered: 10/02/2024) |
| 10/02/2024 | 72 | BRIEF re 61 Response to Motion *Brief of Amicus Curiae in Support of Defendants' Opposition to Plaintiffs' Motion for Stay of the Final Rule and Preliminary Injunction* by American Cancer Society Cancer Action Network, American Lung Association, Epilepsy Foundation of America, Leukemia & Lymphoma Society, Muscular Dystrophy Association. (Seel, Benjamin) (Entered: 10/02/2024) |
| 10/03/2024 | 73 | (Text Only) ORDER by Magistrate Judge Clare R. Hochhalter granting 70 Motion to Appear Pro Hac Vice for Attorney Benjamin Seel and granting 71 Motion to Appear Pro Hac Vice for Robin Thurston. (sl) (Entered: 10/03/2024) |
| 10/03/2024 | 74 | NOTICE by Centers for Medicare & Medicaid Services, United States of America *of Supplemental Authority* (Eiswerth, Christopher) (Entered: 10/03/2024) |
| 10/03/2024 | 75 | MOTION for Hearing re 49 MOTION to Intervene, 50 MOTION to Transfer by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Rozen, Matthew) Modified to correct motion relief and add links on 10/4/2024. NEF regenerated (pb). (Entered: 10/03/2024) |
| 10/04/2024 | 76 | RESPONSE to Motion re 49 MOTION to Intervene filed by Centers for Medicare & Medicaid Services, United States of America. (Eiswerth, Christopher) (Entered: 10/04/2024) |
| 10/04/2024 | | DOCKET CORRECTION re: 75 MOTION. Wrong motion relief selected. Clerk's Office corrected motion relief from Miscellaneous Relief to MOTION for Hearing, added links, and regenerated the NEF. (pb) (Entered: 10/04/2024) |
| 10/04/2024 | 77 | RESPONSE to Motion re 49 MOTION to Intervene filed by Kansas, State of. (Rodriguez, James) (Entered: 10/04/2024) |
| 10/08/2024 | 78 | MOTION to Appear Pro Hac Vice Attorney Kris W. Kobach (Filing fee $150, receipt number ANDDC−2999132) by Kansas, State of. (Kobach, Kris) Modified on 10/8/2024 to add receipt number (mf) (Entered: 10/08/2024) |
| 10/08/2024 | 79 | (Text Only) ORDER by Magistrate Judge Clare R. Hochhalter granting 78 Motion to Appear Pro Hac Vice for Attorney Kris W. Kobach. (mf) (Entered: 10/08/2024) |
| 10/09/2024 | 80 | NOTICE of Appearance by Joshua Paul Bohn on behalf of California, State of, Colorado, State of, Connecticut, State of, Delaware, State of, District of Columbia, Hawaii, State of, Illinois, State of, Maine, State of, Maryland, State of, Massachusetts, State of, Michigan, State of, Minnesota, State of, Nevada, State of, New Jersey, State of, New Mexico, State of, New York, State of, Oregon, State of, Rhode Island, State of, Vermont, State of, Washington, State of (Bohn, Joshua) (Entered: 10/09/2024) |
| 10/09/2024 | 81 | REPLY to Response to Motion re 35 MOTION for Preliminary Injunction filed by Kansas, State of. (Kambli, Abhishek) (Entered: 10/09/2024) |
| 10/10/2024 | 82 | NOTICE of Hearing on 35 MOTION for Preliminary Injunction , 63 MOTION to Stay: Motion for a Stay and Preliminary Injunction Hearing RESET for 10/15/2024 at 01:30 PM in Bismarck Courtroom 1 before Judge Daniel M. Traynor (change in time only). (rm) (Entered: 10/10/2024) |
| 10/11/2024 | 83 | REPLY to Response to Motion re 49 MOTION to Intervene filed by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Rozen, Matthew) |

| | | |
|---|---|---|
| | | (Entered: 10/11/2024) |
| 10/15/2024 | 84 | Minute Entry for proceedings held before Judge Daniel M. Traynor: Motion Hearing held on 10/15/2024 re 63 MOTION to Stay filed by Plaintiffs and 35 MOTION for Preliminary Injunction filed by Plaintiffs. (Court Reporter RC) (rm) (Entered: 10/15/2024) |
| 10/15/2024 | 85 | MOTION to Appear Pro Hac Vice Attorney Marty J. Jackley (Filing fee $150, receipt number ANDDC−3002920) by South Dakota, State of. (Jackley, Marty) (Main Document 85 replaced with a non−fillable PDF on 10/15/2024.) Modified to add receipt number. Regenerated NEF. (rh) (Entered: 10/15/2024) |
| 10/15/2024 | 86 | (Text Only) ORDER by Magistrate Judge Clare R. Hochhalter granting 85 Motion to Appear Pro Hac Vice for Attorney Marty J. Jackley. (rh) (Entered: 10/15/2024) |
| 10/15/2024 | 87 | ORDER for Supplemental Information by Judge Daniel M. Traynor.(TL) (Entered: 10/15/2024) |
| 10/18/2024 | 88 | NOTICE OF FILING OF TRANSCRIPT of motion hearing held October 15, 2024 (rc) (Entered: 10/18/2024) |
| 10/18/2024 | 89 | TRANSCRIPT of Motion Hearing held on October 15, 2024, before Judge Daniel M. Traynor. Court Reporter/Transcriber Ronda Colby, Telephone number 701−530−2309. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Notice of Intent to Request Redaction due 10/25/2024. Redaction Request due 11/8/2024. Redacted Transcript Deadline set for 11/18/2024. Release of Transcript Restriction set for 1/16/2025. (rc) (Entered: 10/18/2024) |
| 10/24/2024 | 90 | MOTION for Reconsideration re 87 Order by Centers for Medicare & Medicaid Services, United States of America. (Attachments: # 1 Exhibit 1 – Lotspeich Declaration)(Eiswerth, Christopher) (Entered: 10/24/2024) |
| 10/24/2024 | 94 | MOTION to Expedite by Centers for Medicare & Medicaid Services, United States of America. See document at 90 . (pb) (Entered: 10/25/2024) |
| 10/25/2024 | 91 | (Text Only) ORDER by Judge Daniel M. Traynor for Plaintiffs to respond to re 90 MOTION for Reconsideration. Response due on or before 10/28/2024 by 12:00 p.m. central time. (TL) (Entered: 10/25/2024) |
| 10/25/2024 | | Set/Reset Deadlines as to 90 MOTION for Reconsideration re 87 Order . Responses due by 10/28/2024 (mf) (Entered: 10/25/2024) |
| 10/25/2024 | 92 | *RESTRICTED − WRONG EVENT SELECTED* MEMORANDUM in Support re 90 MOTION for Reconsideration re 87 Order filed by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres. (Attachments: # 1 Memorandum of Law In Support)(Rozen, Matthew) Modified on 10/25/2024 to restrict access (mf) (Entered: 10/25/2024) |
| 10/25/2024 | | DOCKET CORRECTION re: 92 Memorandum in Support. Wrong event selected. Clerk's office restricted access to document. Filer will re−file using the correct event. (mf) (Entered: 10/25/2024) |
| 10/25/2024 | 93 | RESPONSE to Motion re 90 MOTION for Reconsideration re 87 Order filed by Kansas, State of. (Attachments: # 1 Declaration of Robin Rehborg)(Rodriguez, |

| Date | # | Description |
|---|---|---|
| | | James) Modified to remove unnecessary exhibit language from docket text and add more complete attachment description on 10/28/2024 (sl). (Entered: 10/25/2024) |
| 10/25/2024 | | DOCKET CORRECTION re: 90 MOTION for Reconsideration. Multiple relief document filed as one relief. Clerk's Office filed MOTION to Expedite at 94 . (pb) (Entered: 10/25/2024) |
| 10/25/2024 | 95 | *RESTRICTED – WRONG EVENT SELECTED* NOTICE by CASA, Inc., Hyun Kim, Claudia Moya Lopez, Dania Quezada Torres re 90 MOTION for Reconsideration re 87 Order (Attachments: # 1 Memorandum of Law In Support)(Rozen, Matthew) Modified to restrict access on 10/28/2024 (sl). (Entered: 10/25/2024) |
| 10/25/2024 | 97 | SUPPLEMENT *NOTICE of Proposed Response* to document: 49 MOTION to Intervene by CASA, Inc., Hyun Kim, Claudia Moya Lopez, and Dania Quezada Torres. (Attachments: # 1 *Proposed* Response to 90 MOTION for Reconsideration re 87 Order)(sl) (Attachment 1 replaced with correct document on 10/29/2024) (sl). NEF regenerated on 10/29/2024 (sl). (Entered: 10/28/2024) |
| 10/26/2024 | 96 | REPLY to Response to Motion re 90 MOTION for Reconsideration re 87 Order filed by Centers for Medicare & Medicaid Services, United States of America. (Eiswerth, Christopher) (Entered: 10/26/2024) |
| 10/28/2024 | 98 | ORDER by Judge Daniel M. Traynor denying 90 Motion for Reconsideration and finding as moot 94 Motion to Expedite. (TL) (Entered: 10/28/2024) |
| 10/28/2024 | | DOCKET CORRECTION re: 93 RESPONSE to Motion. Clerk's office removed unnecessary exhibit language from docket text and added more complete attachment description. RE: 95 NOTICE (Other). Wrong event selected. Clerk's Office restricted access to document and refiled as SUPPLEMENT at 97 . (sl) (Entered: 10/28/2024) |
| 10/28/2024 | 99 | MOTION for Protective Order *(JOINT)* by Centers for Medicare & Medicaid Services, United States of America. (Attachments: # 1 Exhibit 1 – Proposed Stipulated Protective Order)(Eiswerth, Christopher) (Entered: 10/28/2024) |
| 10/29/2024 | 100 | ORDER by Magistrate Judge Clare R. Hochhalter granting 99 Motion for Protective Order. (BG) (Entered: 10/29/2024) |
| 10/29/2024 | 101 | NOTICE by Centers for Medicare & Medicaid Services, United States of America *of Compliance* (Eiswerth, Christopher) (Entered: 10/29/2024) |
| 10/31/2024 | 102 | MOTION for Amended Protective Order *(Joint)* by North Dakota, State of. (Attachments: # 1 Proposed Stipulated Amended Protective Order)(Axt, Philip) Modified to clarify docket text and remove exhibit language from attachment description on 11/1/2024 (sl). (Entered: 10/31/2024) |
| 10/31/2024 | 103 | NOTICE by North Dakota, State of re 87 Order *Response to Order for Supplemental Information* (Attachments: # 1 Exhibit 1: Rehborg Declaration, # 2 Exhibit 2: Tescher Declaration)(Axt, Philip) Modified to add exhibit numbers on 11/1/2024 (sl). (Entered: 10/31/2024) |
| 11/01/2024 | | DOCKET CORRECTION re: 102 MOTION for Protective Order. Clerk's Office clarified docket text and removed unnecessary exhibit language from attachment description. Re: 103 NOTICE. Clerk's Office added exhibit numbers. (sl) (Entered: 11/01/2024) |

| 11/01/2024 | 104 | ORDER by Magistrate Judge Clare R. Hochhalter granting 102 Motion for Amended Protective Order. (GW) Modified on 11/1/2024 to attach document. NEF Regenerated (mf) (Entered: 11/01/2024) |
|---|---|---|
| 11/01/2024 | 105 | MOTION for Temporary Restraining Order by Kansas, State of. (Rodriguez, James) (Entered: 11/01/2024) |
| 11/01/2024 | 106 | NOTICE by United States of America, Centers for Medicare & Medicaid Services re 105 MOTION for Temporary Restraining Order (Eiswerth, Christopher) (Entered: 11/01/2024) |
| 11/01/2024 | 107 | RESPONSE to Motion re 105 MOTION for Temporary Restraining Order filed by United States of America, Centers for Medicare & Medicaid Services. (Eiswerth, Christopher) (Entered: 11/01/2024) |
| 11/04/2024 | 108 | MOTION to Dismiss for Lack of Jurisdiction , MOTION to Dismiss for Failure to State a Claim , MOTION to Dismiss or Transfer Case *for Improper Venue* by United States of America, Centers for Medicare & Medicaid Services. (Eiswerth, Christopher) (Entered: 11/04/2024) |
| 11/05/2024 | 109 | *RESTRICTED – WRONG EVENT SELECTED* SUPPLEMENT *Notice of Proposed Opposition to Plaintiffs' Motion for a Temporary Restraining Order* to document: 49 MOTION to Intervene by Claudia Moya Lopez, Dania Quezada Torres, Hyun Kim, CASA, Inc.. (Attachments: # 1 Proposed Opposition)(Rozen, Matthew) Modified on 11/6/2024 to restrict access. (jb) (Entered: 11/05/2024) |
| 11/05/2024 | 110 | NOTICE of Proposed Opposition to Plaintiffs' Motion for a Temporary Restraining Order by Claudia Moya Lopez, Dania Quezada Torres, Hyun Kim, CASA, Inc. re 105 MOTION for Temporary Restraining Order (Attachments: # 1 Proposed Opposition)(jb) (Entered: 11/06/2024) |
| 11/06/2024 | | DOCKET CORRECTION re: 109 Supplement. Wrong event selected. Clerk's office restricted access to document and re–filed as Notice (Other) at 110 . (jb) (Entered: 11/06/2024) |
| 11/12/2024 | 111 | NOTICE by North Dakota, State of re 87 Order *Response to Order for Supplemental Information* (Attachments: # 1 Exhibit 1 – Korsmo Declaration)(Axt, Philip) Modified on 11/13/2024 to add exhibit number. (jb) (Entered: 11/12/2024) |
| 11/13/2024 | | DOCKET CORRECTION re: 111 Notice. Clerk's office added exhibit number to attachment. (jb) (Entered: 11/13/2024) |
| 11/14/2024 | 112 | BRIEF re 111 Notice (Other) by United States of America, Centers for Medicare & Medicaid Services. (Eiswerth, Christopher) (Entered: 11/14/2024) |
| 11/19/2024 | 113 | NOTICE of Substitution of Attorney by Whitney D. Hermandorfer on behalf of Tennessee, State of (Hermandorfer, Whitney) (Entered: 11/19/2024) |
| 11/25/2024 | 114 | RESPONSE to Motion re 108 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss or Transfer Case *for Improper Venue* filed by Kansas, State of. (Rodriguez, James) (Entered: 11/25/2024) |
| 12/05/2024 | 115 | MOTION to Withdraw as Attorney *Gabrielle Lessard* by Claudia Moya Lopez, Dania Quezada Torres, Hyun Kim, CASA, Inc.. (Lessard, Gabrielle) (Entered: 12/05/2024) |

| | | |
|---|---|---|
| 12/06/2024 | 116 | (Text Only) ORDER by Magistrate Judge Clare R. Hochhalter granting 115 Motion to Withdraw as Attorney. Attorney Gabrielle Levin Lessard terminated. (BG) (Entered: 12/06/2024) |
| 12/09/2024 | 117 | ORDER by Judge Daniel M. Traynor granting 35 Motion for Preliminary Injunction; granting 63 Motion to Stay; finding as moot 105 Motion for TRO; denying 108 Motion to Dismiss for Lack of Jurisdiction; denying 108 Motion to Dismiss for Failure to State a Claim; denying 108 Motion to Dismiss or Transfer Case for *Improper Venue.* (TL) (Entered: 12/09/2024) |
| 12/11/2024 | 118 | *RESTRICTED – WRONG EVENT SELECTED* NOTICE OF APPEAL as to 117 Order on Motion for Preliminary Injunction,, Order on Motion to Stay,, Order on Motion for TRO,, Order on Motion to Dismiss/Lack of Jurisdiction,, Order on Motion to Dismiss/Failure to State a Claim,, Order on Motion for Miscellaneous Relief, by United States of America, Centers for Medicare & Medicaid Services. (Eiswerth, Christopher) Modified on 12/12/2024 to restrict access. (rh) (Entered: 12/11/2024) |
| 12/11/2024 | 119 | MOTION to Stay re 117 Order on Motion for Preliminary Injunction,, Order on Motion to Stay,, Order on Motion for TRO,, Order on Motion to Dismiss/Lack of Jurisdiction,, Order on Motion to Dismiss/Failure to State a Claim,, Order on Motion for Miscellaneous Relief, , MOTION to Expedite *Ruling on Motion to Stay* by United States of America, Centers for Medicare & Medicaid Services. (Attachments: # 1 Exhibit 1 – Grant Declaration)(Eiswerth, Christopher) (Entered: 12/11/2024) |
| 12/11/2024 | 120 | NOTICE OF INTERLOCUTORY APPEAL as to 117 Order on Motion for Preliminary Injunction, Order on Motion to Stay, Order on Motion for TRO, Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Dismiss/Failure to State a Claim, Order on Motion for Miscellaneous Relief by United States of America, Centers for Medicare & Medicaid Services. (rh) (Entered: 12/12/2024) |
| 12/12/2024 | 121 | Transmittal of Notice of Appeal Supplement to 8th Circuit Court of Appeals re 120 Notice of Interlocutory Appeal, (rh) (Entered: 12/12/2024) |
| 12/12/2024 | | DOCKET CORRECTION re: 118 Notice of Appeal. Wrong event selected. Clerk's office restricted access and re–filed as Notice of Interlocutory Appeal at 120 . (rh) (Entered: 12/12/2024) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

State of Kansas et al.,

                                         Plaintiffs,

vs.                                                                    Case No. 1:24-cv-00150

United States of America et al,

                                         Defendants.

---

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION AND STAY,
## FINDING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER,
## AND DENYING MOTIONS TO DISMISS

---

[¶ 1]    THIS MATTER comes before the Court upon a Motion for Preliminary Injunction and Motion for Stay filed by the Plaintiffs[1] on August 30, 2024. Doc. Nos. 35, 63. The United States of America and the Centers for Medicare & Medicaid Services ("Defendants") filed a Response on September 25, 2024. Doc. No. 61. Plaintiffs filed their Reply on October 9, 2024. Doc. No. 81. Amicus briefs have also been filed in this matter. Nineteen states[2] and the District of Columbia joined the Defendants in opposition to the Motions. Doc. No. 69. An additional amicus brief was filed by various organizations[3] in support of Defendants. A hearing on the motion was held on October 15, 2024. Doc. No. 84. Post-hearing briefing was ordered and completed on November

---

[1] The Plaintiffs are nineteen States ("Plaintiff States"): Ohio, Idaho, Nebraska, South Carolina, Kansas, Alabama, Virginia, Tennessee, Indiana, Missouri, Montana, North Dakota, South Dakota, Iowa, New Hampshire, Kentucky, Texas, Florida, and Arkansas.

[2] The Defendant States include New Jersey, California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Mexico, New York, Oregon, Rhode Island, Vermont, and Washington.

[3] The Defendant Organizations include the American Cancer Society Cancer Action Network, American Lung Association, Epilepsy Foundation of American Leukemia & Lymphoma Society, and the Muscular Dystrophy Association.

- 1 -

12, 2024. Doc. Nos. 87, 101, 103, 111. Defendants filed a brief in response to the supplemental information on November 14, 2024.

[¶ 2]    While waiting for supplemental briefing, Plaintiffs filed a Motion for Temporary Restraining Order on November 1, 2024. Doc. No. 105. Defendants filed a Response on November 1, 2024. Doc. No. 107. Defendants then filed (1) a Motion to Dismiss for Lack of Jurisdiction, (2) a Motion to Dismiss for Failure to State a Claim, and (3) a Motion to Dismiss or Transfer Case for Improper Venue on November 4, 2024. Doc. No. 108. Plaintiffs filed a Response to all Motions on November 25, 2024. Doc. No. 114. The deadline for Defendants to file a Reply has passed. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Preliminary Injunction and Stay, finds as **MOOT** Plaintiffs' Motion for Temporary Restraining Order, and **DENIES** Defendants' Motions to Dismiss.

## INTRODUCTION

[¶ 3]    This case involves a change to the Deferred Action for Childhood Arrivals ("DACA") program from a final rule promulgated by the Centers for Medicare & Medicaid Services ("CMS"). See 89 Fed. Reg. 39,392-01 (May 8, 2024) ("Final Rule"). The Final Rule revised CMS's definition of "lawfully present" to allow DACA recipients to enroll in health insurance plans through the Patient Protection and Affordable Care Act ("ACA") exchanges. The primary points of contention in this case are (1) whether Plaintiffs have standing, (2) whether the change to include DACA recipients as lawfully present is contrary to congressional intent and (3) whether CMS acted within its authority under the Administrative Procedure Act ("APA").

## BACKGROUND

[¶ 4]    In 2010, Congress enacted the ACA requiring each state to create an exchange or platform to purchase health insurance and make qualified health plans ("QHPs") available to individuals.

Appellate Case: 24-3521    Page: 27    Date Filed: 12/12/2024    Entry ID: 5459912    December 12 2024 p 27

King v. Burwell, 576 U.S. 473, 478–79 (2015); 42 U.S.C. 18031(d)(2)(A). Whether states create their own exchanges or allow the federal government to operate them is up to their discretion. 42 U.S.C. §§ 18031(b)(1), 18041(c). However, the ACA only allows qualified individuals to enroll in QHPs. 42 U.S.C. §§ 18021(a), 18032(a)(1). To qualify, the individual must reside in the state operating the exchange and be a citizen or national of the United States or a noncitizen that is lawfully present in the United States. 42 U.S.C. §§ 18032(a)(1), (f)(3). The ACA does not define lawfully present. See id. at 18032(f)(3).

[¶ 5]    In 2012, the Secretary of Homeland Security issued a memorandum establishing the DACA program. Mem. from Sec'y Napolitano (June 15, 2012), https://perma.cc/PRR8-PBT7. The memorandum set forth how the Department of Homeland Security ("DHS") would exercise its prosecutorial discretion with certain "low priority cases." Id. at 1. The memorandum allowed noncitizens to apply for a two-year renewable period of deferred action if the individual: (1) came to the United States under the age of sixteen, (2) had continuously resided in the United States for at least five years prior to the date of the memorandum and present in the United States on the date of the memorandum, (3) were in school, had graduated high school, earned a GED, or were honorably discharged as veterans, (4) were not convicted of a felony offense, significant misdemeanor offense, multiple misdemeanor offenses, or otherwise posed a threat to national security and public safety, and (5) not above the age of thirty. Id. CMS amended its definition of "lawfully present" at this time to specifically exclude DACA recipients. See 77 Fed. Reg. 18314.

[¶ 6]    In April 2023, CMS issued Notice of Proposed Rulemaking that would, in relevant part, allow DACA recipients and employment-authorized aliens to be considered lawfully present for purposes of the ACA. See 88 Fed. Reg. 25313; 89 Fed. Reg. 39392.[4] The Final Rule was published

---

[4] The Summary of the rule reads:

Appellate Case: 24-3521    Page: 28    Date Filed: 12/12/2024 Entry ID: 5461091    December 12 2024 p 28

on May 8, 2024, and estimated 147,000 DACA recipients were expected to enroll in QHPs through an exchange because of the change. 89 Fed. Reg. at 39393–94. The Final Rule also adds individuals granted employment authorization numbers under 8 C.F.R. Section 274a.12(c) into the definition of lawfully present for ACA eligibility. Id. at 39408. This addition expands eligible categories for coverage from seven[5] to thirty-six. Id. The Final Rule became effective on November 1, 2024. Id. at 39393.

[¶ 7]    Three Plaintiff States privy to this lawsuit have elected to create a state-based exchange ("SBE") to handle QHP enrollment: Kentucky, Idaho, and Virginia. These states, and others who run their own SBE, will incur two separate costs. The first is $184,918 to develop and code changes to each state's exchange eligibility system. 89 Fed. Reg. at 39423, 26 table 2. The second is $624,142 in state application processing charges to assist those impacted by the Final Rule. Id. at 39424, 26; see also Doc. No. 35-2, ¶¶ 20–22. This brings the total cost for the SBE Plaintiffs to $809,060. The remaining Plaintiffs argue they suffer injury due to extra state expenses associated with processing more DACA recipients.

---

This final rule makes several clarifications and updates the definitions currently used to determine whether a consumer is eligible to enroll in a Qualified Health Plan (QHP) through an Exchange; a Basic Health Program (BHP), in States that elect to operate a BHP; and for Medicaid and Children's Health Insurance Programs (CHIPs). **Specifically, Deferred Action for Childhood Arrivals (DACA) recipients and certain other noncitizens will be included in the definitions of "lawfully present" that are used to determine eligibility to enroll in a QHP through an Exchange**, for Advance Payments of the Premium Tax Credit (APTC) and Cost-Sharing Reductions (CSRs), or for a BHP. . . . **These regulations are effective on November 1, 2024.**

89 Fed Reg. 39392 (emphasis added).

[5] The old version of 8 C.F.R. Section 152.2(4)(iii) included only seven categories under 8 C.F.R. Sections 274a.12(c)(9), (10), (16), (18), (20), (22), or (24).

## JURISDICTION

[¶ 8]   The Defendants argue venue is improper here because North Dakota does not have standing independent of the other Plaintiffs and therefore, this action should be dismissed or transferred to another jurisdiction. The Plaintiffs argue in their opening brief that the States have standing under the "special solicitude" standard under <u>Massachusetts v. EPA</u>, 549 U.S. 497, 520 (2007). In the alternative, Plaintiffs argue North Dakota has standing due to the pocketbook costs associated with the Final Rule and, therefore, venue is proper.

[¶ 9]   When the United States or its agencies are a defendant, venue is proper in any judicial district in which the plaintiff resides if no real property is involved in the action. 28 U.S.C. § 1391(e)(1)(c). It is the Plaintiffs' burden to prove this district is a proper venue. <u>Rare Breed Triggers, LLC v. Garland</u>, 639 F. Supp. 3d 903, 907 (D.N.D. 2022) (noting that plaintiffs bear the burden of demonstrating the chosen district is a proper venue when the defense raises an objection). Plaintiffs allege in the complaint that North Dakota's residence establishes venue. Doc. No. 35, ¶ 22. For venue to be proper here, North Dakota must have standing independent of the other Plaintiffs. 28 U.S.C. § 1406(a) (where venue is improper, the Court may transfer to another venue where the claims could have been brought); <u>see also</u> <u>Kansas v. Garland</u>, No. 2:24CV00088 JM, 2024 WL 2384611 at *1 (E.D. Ark. May 23, 2024) ("Because no plaintiff with standing resides in this district, venue is improper.").

### I.   Procedural vs. Substantive Right under <u>Massachusetts v. EPA</u>

[¶ 10]   The Court must first address whether North Dakota and the other Plaintiffs have "special solicitude" and thus do not need to meet all the traditional requirements of standing. <u>Massachusetts v. EPA</u>, 549 U.S. at 520. The Eighth Circuit has ruled <u>Massachusetts v. EPA</u> "did not eliminate[] the basic requirements for standing just because a state is the plaintiff. <u>Missouri v. Yellen</u>, 39

- 5 -

F.4th 1063, 1070 n.7 (8th Cir. 2022); accord La. ex rel. La. Dep't of Wildlife & Fisheries v. NOAA, 70 F.4th 872, 882 (5th Cir. 2023). Therefore, Plaintiffs must meet all the traditional requirements for standing.[6]

## II.   North Dakota's Standing

[¶ 11]   North Dakota alleges it suffers injury because (1) the DACA change provides a valuable public benefit that will foreseeably encourage alien beneficiaries who are here unlawfully to remain in the United States, (2) it must educate DACA recipient children, and (3) DACA recipients consume costly public benefits.

[¶ 12]   Standing requires the party to show they have, or will suffer, an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013). The plaintiff "bears the burden of establishing standing as of the time [s]he brought th[e] lawsuit and maintaining it thereafter." Carney v. Adams, 592 U.S. 53, 59, (2020). She must support each element of standing "with the manner and degree of evidence required at the successive stages of

---

[6] Also worthy to note is Justice Gorsuch's concurrence in United States v. Texas, which states:

> if an exercise of coercive power matters so much to the Article III standing inquiry, how to explain decisions like Massachusetts v. EPA? There the court held that Massachusetts had standing to challenge the federal government's decision not to regulate greenhouse gas emissions from new motor vehicles. And what could be less coercive than a decision not to regulate? In Massachusetts v. EPA, the Court chose to overlook this difficulty in part because it thought the State's claim of standing deserved "special solicitude." I have doubts about that move. Before Massachusetts v. EPA, the notion that States enjoy relaxed standing rules 'ha[d] no basis in our jurisprudence.' Nor has 'special solicitude' played a meaningful role in this Court's decisions in the years since. **Even so, it's hard not to wonder why the Court says nothing about 'special solicitude' in this case. And it's hard not to think, too, that lower courts should just leave that idea on the shelf in future ones.**

599 U.S. 670, 688–89 (2023) (Gorsuch, J., concurring) (cleaned up) (emphasis added).

the litigation." <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 561 (1992). At the preliminary injunction

stage, then, the plaintiff must make a "clear showing" that she is "likely" to establish each element

of standing. <u>See</u> <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008).

[¶ 13]   The Supreme Court in <u>United States v. Texas</u> has said:

> [F]ederal courts must remain mindful of bedrock Article III constraints in cases
> brought by States against an executive agency or officer. To be sure, States
> sometimes have standing to sue the United States or an executive agency or officer.
> But in our system of dual federal and state sovereignty, federal policies frequently
> generate indirect effects on state revenues or state spending. And when a State
> asserts, for example, that a federal law has produced only those kinds of indirect
> effects, the State's claim for standing can become more attenuated.

599 U.S. 670, 680 n.3 (2023); <u>accord</u> <u>Garland</u>, 2024 WL 2384611 at *2 (citing the same). The

ACA requires states to create an "exchange" which "shall make available qualified health plans to

qualified individuals." North Dakota elected to let the federal government run its exchange, so it

is classified as a federally-facilitated exchange ("FFE"). <u>See</u>, *State-based Exchanges*, Centers for

Medicare and Medicaid Services (Aug. 28, 2024), https://www.cms.gov/cciio/resources/fact-

sheets-and-faqs/state-marketplaces . The Final Rule contemplates the federal government will bear

the costs associated with the expansion for the states that have not elected to run its own SBE. <u>See</u>

89 Fed. Reg. at 39423–26 (discussing the financial impact of the Final Rule and noting "this change

applies to the 18 State Exchanges not on the Federal platform"). The Final Rule does not directly

impact FFEs.

[¶ 14]   As an FFE, North Dakota does not suffer a direct injury from the Final Rule. <u>See</u> <u>id.</u> at

39424–46 (providing the economic impact of the Final Rule on FFE, SBE, and SBE-FP states).

Thus, North Dakota's claim for standing is more attenuated. While more difficult, it is not

impossible for North Dakota to prove standing.

- 7 -

[¶ 15]  In recent years, states challenging federal immigration policies have proven injury in fact by demonstrating (1) an additional alien presence in that state because of the challenged action, (2) which results in additional costs paid from the state's treasury. Texas v. Mayorkas, No. 6:23-CV-00001, 2024 WL 4355197, at *4 (S.D. Tex. Sept. 30, 2024). The Court adopts this approach. The additional alien presence is easily met as the Final Rule contemplates an additional 147,000 aliens will be eligible to receive benefits, effectively increasing the population. As for additional costs, the Supreme Court has stated "[i]f a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." TransUnion LLC v. Ramirez, 594 U.S. 413, 425 (2021). North Dakota has submitted evidence it costs $584.74 to issue driver licenses and identification cards to the 126 identified DACA recipients in the State. Doc. No. 103, p. 7. North Dakota also claims, while it cannot provide an exact figure, it can confirm at least one DACA recipient or dependent is enrolled in the state's public education system, incurring a cost of $14,345.87 per pupil on the State. Doc. No. 111. This amounts to almost $15,000 in monetary costs. At least one of the 147,000 individuals eligible to enroll in a QHP will reside in North Dakota, thus causing further monetary injury.

[¶ 16]  The Court notes North Dakota's theory on standing rests upon the actions of third parties, that is the actions of the 147,000 newly eligible aliens, which makes standing more difficult to prove than when the defendant acts directly on the plaintiff. Lujan, 504 U.S. at 561–562. However, standing can still exist if there is evidence third parties will likely react in predictable ways to the defendant's challenged conduct. Dep't of Comm. v. New York, 588 U.S. 752, 768 (2019). Certainty is not required so long as the likely reaction "does not rest on mere speculation." Id. A future injury can also establish standing so long as it is "certainly impending, or there is a

substantial risk that the harm will occur." <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 157 (2014).

[¶ 17]  In this case, Plaintiff States claim with DACA becoming available to roughly 147,000 people, it will cause them harm as the allure of health care will incentivize those who plan to leave the Plaintiff States to remain. The Defendants argue the Plaintiffs have offered no proof that any of the 147,000 DACA recipients would leave the respective Plaintiff States but for the Final Rule. However, the Supreme Court allows reliance on third-party incentives as part of proof showing likely behavior. <u>Dep't of Comm. v. New York</u>, 588 U.S. at 768 ("Respondents' theory of standing thus does not rest on mere speculation about the decisions of third parties; it relies instead on the predictable effect of Government action on the decisions of third parties."); <u>see also</u> <u>Davis v. Fed. Election Comm'n</u>, 554 U.S. 724, 735 (2008) (concluding a significant risk of future injury was sufficient to establish standing, not whether injury is realized). These cases show if there is proof allowing a fair prediction of third-party responses, proof showing the challenged conduct produced the harm-causing choice is not required. Proof of predictable reactions can also include common-sense inferences. <u>See</u> <u>Affiliated Ute Citizens v. United States</u>, 406 U.S. 128, 155 (1972) ("[R]easonable inference may be drawn [by] the District Court, as the trier of fact.").

[¶ 18]  The Court concludes, through a common-sense inference, that the powerful incentive of health care will encourage aliens who may otherwise vacate the Plaintiff States to remain. <u>See</u> 8 U.S.C. § 1601(5) (noting the availability of public benefits is an incentive for illegal immigration that Congress has a compelling interest to remove). Their continued presence creates a substantial risk North Dakota will suffer monetary harm via issuing licenses and providing education. This is

sufficient to meet the injury in fact requirement.[7] The remaining standing elements are easily met. But for the Final Rule issued by the Defendants, North Dakota would not have to incur additional costs. Lastly, the Court can redress this harm by staying the Final Rule, preventing further injury. Therefore, the Court finds North Dakota has standing and therefore, venue is proper.

## DISCUSSION

### I.    Preliminary Injunction

[¶ 19]  Plaintiffs seek to exercise their right under the APA to seek a preliminary injunction. The APA provides:

> When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review. On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

5 U.S.C.A. § 705.

[¶ 20]  A plaintiff seeking a preliminary injunction must establish four factors showing such relief is warranted: (1) success on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. Morehouse Enterprises, LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives, 78 F.4th 1011, 1016 (8th Cir. 2023). When the government is the opposing party, the balance of harms factor and the public interest factor merge. Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 316 (8th Cir. 2009) "A district court has broad discretion when ruling on

---

[7] This type of "indirect monetary harm" was sufficient for the Supreme Court before and this discrepancy was referenced in a concurrence by Justice Gorsuch. See Texas v. United States, 599 U.S. at 688 (noting one dollar's worth of harm was sufficient for standing and points out how the Supreme Court allowed other states to challenge Executive Branch policies that indirectly caused them monetary harm in the past and ponders why the Supreme Court forbids the same actions now).

- 10 -

requests for preliminary injunctions." <u>Entergy, Arkansas, Inc.. v. Nebraska</u>, 210 F.3d 887, 898 (8th Cir. 2000).

[¶ 21]  When deciding whether to grant a preliminary injunction, courts ask "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." <u>Nebraska v. Biden</u>, 52 F.4th 1044, 1046 (8th Cir. 2022) (per curiam) (quoting <u>Glenwood Bridge, Inc. v. City of Minneapolis</u>, 940 F.2d 367, 370 (8th Cir. 1991)).

[¶ 22]  The movant bears the burden of demonstrating the preliminary injunction is warranted because a preliminary injunction is an "extraordinary remedy never awarded as of right." <u>Progressive Techs., Inc. v. Chaffin Holdings, Inc.</u>, 33 F.4th 481, 485 (8th Cir. 2022) (quoting <u>Winter</u>, 555 U.S. at 24). Likelihood of success on the merits is the most important factor, <u>Craig v. Simon</u>, 980 F.3d 614, 617 (8th Cir. 2020) (per curiam), and requires a movant to demonstrate at least a "fair chance of prevailing." <u>Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs</u>, 826 F.3d 1030, 1041 (8th Cir. 2016). Regardless, the Court is required to consider all the factors. <u>See</u> <u>Home Instead, Inc. v. Florance</u>, 721 F.3d 494, 500 (8th Cir. 2013).

### A.  Success on the Merits

[¶ 23]  Plaintiffs argue they are likely to succeed on the merits because the Final Rule is contrary to law or in excess of statutory authority and the Final Rule is arbitrary and capricious. Specifically, Plaintiffs claim the determination of DACA recipients as lawfully present is contrary to law because the "action" that is deferred by the DACA program is an enforcement action, namely deportation of the recipients' unlawful presence. <u>See</u> 8 C.F.R. § 236.22(b)(4) (limiting DACA availability to aliens who lack lawful immigration status). The Plaintiffs cite caselaw from the Eleventh Circuit that says "DACA recipients are simply given a reprieve from protentional

- 11 -

removal; that does not mean they are in any way 'lawfully present' under the [Immigration and Nationality Act]." Estrada v. Becker, 917 F.3d 1298, 1305 (11th Cir. 2019) (citation omitted). Additionally, they cite a Fifth Circuit case stating:

> DACA creates a new class of otherwise removable aliens who may obtain lawful presence, work authorization, and associated benefits. Congress determined which aliens can receive these benefits, and it did not include DACA recipients among them. We agree with the district court's reasoning and its conclusions that the DACA Memorandum contravenes comprehensive statutory schemes for removal, allocation of lawful presence, and allocation of work authorization.

Texas v. United States, 50 F.4th 498, 526 (5th Cir. 2022).[8] Plaintiffs also argue the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA") prohibits non-qualified aliens from receiving any federal public benefit. 8 U.S.C. § 1611(a). Lastly, they argue Congress has not included aliens granted deferred action within the definition of "qualified alien," 8 U.S.C. § 1641, nor do DACA recipients fall within an exception to the prohibition on public benefits. See 8 U.S.C. § 1611(b)(1).

[¶ 24]  The Defendants argue the definition of lawfully present is consistent with the ACA because, while the ACA itself does not include a definition, there is other relevant congressional history that supports the Final Rule's definition. They also argue the definition is consistent with how many of the Plaintiff States interpret "similar terms" in state law. See Doc. No. 61, pp. 32–33 (citing statutory law from Kansas, Indiana, South Dakota, Montana, Idaho, Kentucky, Nebraska, Tennessee, Texas, and Virginia that allows aliens who are lawfully present, which includes DACA recipients, to apply for and receive driver's licenses).

---

[8]  The Fifth Circuit applied the then binding framework of Chevron, which has since been overturned. See Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244 (2024). The Court does not apply the Chevron framework here.

[¶ 25]  In weighing success on the merits, the Court does not decide whether the movant "will ultimately win"; rather, the movant "must simply show a 'fair chance of prevailing.'" <u>Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC</u>, 953 F.3d 1041, 1045 (8th Cir. 2020) (quoting <u>Planned Parenthood Minn., N.D., S.D. v. Rounds</u>, 530 F.3d 724, 732 (8th Cir. 2008) (en banc)). Whether a movant has shown a fair chance of prevailing does not mean the movant must "prove greater than fifty per cent likelihood that [it] will prevail on the merits." <u>Id.</u> (cleaned up) (quoting <u>Dataphase Sys., Inc. v. C L Sys., Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981)). Under circumstances where the movant has no chance of succeeding, an injunction will not issue. <u>Id.</u>

[¶ 26]  Under the APA, a court must "hold unlawful and set aside agency action" that is "not in accordance with law" or "in excess of statutory . . . authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C). An agency has acted in excess of statutory authority when it "has gone beyond what Congress has permitted it to do" either by assuming authority it does not have or by exercising the authority it does have in an impermissible way. <u>City of Arlington v. FCC</u>, 569 U.S. 290, 297 (2013). When the ACA was passed, Congress empowered agencies to define who may enroll in QHPs through an exchange by issuing "regulations setting standards" for establishing operating exchanges and establishing a program for determining whether a noncitizen applicant is lawfully present for purposes of exchange eligibility. 42 U.S.C. §§18032(f)(3), 18041(a)(1).

[¶ 27]  As it currently stands, the ACA does not allow federal healthcare subsidies or coverage for aliens who are unlawfully present in the United States. 42 U.S.C. §18032(f)(3); <u>see also</u> Doc. No. 61, p. 31 (Defendants concede the ACA does not define lawfully present.). As a result, the Court agrees with the Fifth and Eleventh Circuits. The law of the land before the Final Rule was that DACA recipients were not lawfully present, which was recognized by CMS. 77 Fed. Reg. 52614;

45 C.F.R. § 152.2. Like the Fifth Circuit stated, it is for Congress to determine who qualifies for lawful presence status, not agencies. Congress stated in PRWORA that non-qualified aliens are prohibited from receiving any federal public benefit. The authority granted to CMS by the ACA is to ascertain whether an individual meets the requirements for lawful status. It by no means allows the agency to circumvent congressional authority and redefine the term "lawfully present." Congress has laid out the categories of those who are qualified aliens in 8 U.S.C. § 1611(b), and nowhere does it state deferred action aliens are qualified aliens. CMS only has authority to determine if aliens fit into one of those established categories, not create a new one.

[¶ 28]  For the above stated reasons, the Court finds the Plaintiff States have proven a fair chance of prevailing because CMS acted contrary to law by redefining who is a qualified alien, a determination that is to be left to Congress. This factor weighs in favor of granting a preliminary injunction. Because the Court has concluded Plaintiffs will likely succeed on the merits because CMS acted contrary to law, there is no need to analyze the arbitrary and capricious claim.

### B.  Irreparable Harm

[¶ 29]  Plaintiffs claim irreparable harm through the costly public benefits they must expend to adhere to the Final Rule. Defendants argue the costs are indirect, which the Supreme Court has stated is insufficient; the harm is not impending; the States do not consider the benefits DACA recipients bring; and the costs are self-inflicted.

[¶ 30]  "Irreparable harm" signifies harm for which "a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages. <u>Gen. Motors</u>, 563 F.3d at 319. "[A] party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." <u>Morehouse Enterprises, LLC</u>, 78 F.4th at 1017 (citing <u>Dakotans for Health v. Noem</u>, 52 F.4th 381, 392 (8th Cir. 2022)). The

Appellate Case: 24-3521    Page: 39    Date Filed: 12/12/2024 Entry ID: 5459012   December 12 2024 p 39

plaintiffs must show the harm is not merely a possibility but is likely to occur absent preliminary injunctive relief. Tumey v. Mycroft AI, Inc., 27 F.4th 657, 665 (8th Cir. 2022). "Economic loss, on its own, is not an irreparable injury so long as the losses can be recovered." Wildhawk Invs., LLC v. Brava I.P., LLC, 27 F.4th 587, 597 (8th Cir. 2022) (citing DISH Network Serv. L.L.C. v. Laducer, 725 F.3d 877, 882 (8th Cir. 2013)).

[¶ 31]  Here, the Plaintiffs have alleged monetary harms, which do not appear to be recoverable as the Final Rule specifically contemplates the costs each state and the federal government must cover. Foerderer v. TransUnion Corp, No. 1:20-CV-188, 2021 WL 2667524, at *2 (D.N.D. Apr. 20, 2021), report and recommendation adopted sub nom. Foerderer v. Experian Info. Sols., Inc., No. 1:20-CV-00188, 2021 WL 2669554 (D.N.D. May 5, 2021) (opining the plaintiff's injuries are compensable by monetary damages and cannot be considered an irreparable harm); see 89 Fed. Reg. at 39423–24 (providing the cost of the Final Rule on the 18 SBE States will be 51% of the total approximate cost while the federal government provides the remaining 49% of funding). These costs are sufficient to establish irreparable harm.

[¶ 32]  Even if these costs were insufficient, allowing potential unlawful action would constitute irreparable harm. See Shawnee Tribe v. Mnuchin, 984 F.3d 95, 102 (D.C. Cir. 2021) (perpetuation of unlawful agency action is not in the public's best interest); see also Maryland v. King, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (When the government "is enjoined by a court from effectuating statutes enacted by the representatives of its people, it suffers a form of irreparable injury."). Plaintiffs here are faced with a choice: comply with what they believe to be an unlawful directive or lose federal government support to operate the costly exchanges required under the ACA. Other courts have found this type of "Hobson's choice" sufficient for irreparable harm. See City of Albuquerque v. Barr, 515 F. Supp. 3d 1163, 1175 (D.N.M. 2021) (collecting

cases from the Supreme Court, Ninth Circuit, and the Northern District of Illinois establishing the same). Therefore, the Plaintiffs have met the burden of proving irreparable harm.

### C. Balance of Equities and the Public Interest

[¶ 33]  Plaintiffs argue the balance of equities and public interest weigh in their favor because the agency action is unlawful. The Defendants argue the public interest is best served by increasing access to health care. Congress has declared the nation has a "compelling interest" in "remov[ing] the incentive for illegal immigration provided by the availability of public benefits." 8 U.S.C. § 1601(6). To not suspend the Final Rule would empower CMS to harm the compelling interest established by Congress. "There is generally no public interest in the perpetuation of unlawful agency action." League of Women Voters of U.S. v. Newby, 838 F.3d 1, 12 (D.C. Cir. 2016). Where a party has established a strong likelihood of success on the merits, it is a strong indication that a preliminary injunction would serve the public interest. Shawnee Tribe, 984 F.3d at 102.

[¶ 34]  Because the Court found the Plaintiffs have proven likelihood of success on the merits, this factor weighs in favor of granting the preliminary injunction.

### D. Conclusion

[¶ 35]  The preliminary injunction factors weigh in favor of issuing an injunction and a stay. Plaintiffs have shown likelihood of success on the merits because CMS acted contrary to law. Plaintiffs are likely to suffer irreparable harm from the expenses associated with carrying out the Final Rule and being faced with a Hobson's choice. This decision is in accord with what Fifth Circuit had previously decided. See Texas v. United States, 50 F.4th at 528-32. That reasoning is sound and should be embraced in the Eighth Circuit. Finally, the balance of equities and the public's interest are best served by enjoining the Final Rule. For those reasons, the Court **GRANTS** Plaintiffs' Motion for Preliminary Injunction.

- 16 -

## II.      Motion To Stay

[¶ 36]   Plaintiffs also request a stay to the Final Rule. A stay is "an exercise of judicial discretion,"

and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." Nken

v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658,

672-73 (1926)). The party requesting a stay bears the burden of showing the circumstances justify

an exercise of that discretion. Id. at 433-34. The stay factors are: (1) whether the applicant is likely

to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3)

whether issuance of the stay will substantially injure the other parties interested in the proceeding;

and (4) where the public interest lies. Id. at 434. There is substantial overlap between the

preliminary injunction and stay factors "not because the two are one and the same, but because

similar concerns arise whenever a court order may allow or disallow anticipated action before the

legality of that action has been conclusively determined." Id.; see also Winter, 555 U.S. at 24.

[¶ 37]   Because the Court has found the preliminary injunction factors weigh in favor of the

Plaintiffs, and because there is substantial overlap between the motion to stay and preliminary

injunction factors, the Court finds Plaintiffs are entitled to a stay for the reasons articulated above.

For those reasons, Plaintiffs' Motion to Stay is **GRANTED**.

## III.      Motion To Dismiss

[¶ 38]   Defendants filed a Motion to Dismiss on three grounds: lack of jurisdiction, failure to state

a claim, and improper venue. Fed. R. Civ. P. 12(b)(1), (3), (6). The Federal Rules of Civil

Procedure mandate the dismissal of a claim if there has been a failure to state a claim upon which

relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A plaintiff must show that success on

the merits is more than a "sheer possibility." Id. A complaint is sufficient if its "factual content . . .

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id. The Court must accept all factual allegations as true, except for legal conclusions or

"formulaic recitation of the elements of a cause of action." Id. at 681.

[¶ 39]   The Court has addressed all these concerns through the standing and preliminary injunction

analysis. The Court has jurisdiction and venue is proper in North Dakota. Additionally, Plaintiffs

have shown likelihood of success on the merits, proving they have stated a claim upon which relief

can be granted. This conclusion is supported by evidence in the record offered by the Plaintiffs.

See Doc. Nos. 35-1, 35-2, 103, 103-1, 103-2, 111, 111-1. For these reasons, Defendants' Motions

to Dismiss are **DENIED**.

## CONCLUSION

[¶ 40]   The Court has reviewed the record, relevant caselaw, and arguments of the parties. For the

above stated reasons, Plaintiffs' Motions for Preliminary Injunction and Stay (Doc. No. 35) are

**GRANTED**. Defendants are preliminary enjoined from enforcing the Final Rule against the 19

Plaintiff States. As a result, Plaintiffs' Motion for Temporary Restraining Order (Doc. No. 105) is

**MOOT**. Defendants' Motions to Dismiss (Doc. No. 108) are **DENIED**.

[¶ 41]   **IT IS SO ORDERED.**

DATED December 9, 2024.

Daniel M. Traynor, District Judge
United States District Court

- 18 -

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### WESTERN DIVISION

| | |
|---|---|
| **STATE OF KANSAS**, *et al.*, | |
| *Plaintiffs*, | Case No. 1:24-cv-00150-DMT-CRH |
| **v.** | |
| **UNITED STATES OF AMERICA**, *et al.*, | |
| *Defendants.* | |

## DEFENDANTS' NOTICE OF APPEAL

PLEASE TAKE NOTICE that Defendants hereby appeal to the United States Court of Appeals for the Eighth Circuit from the Court's order entered at ECF No. 117 and dated December 9, 2024.

Dated: December 11, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Branch Director
Federal Programs Branch

*/s/ Christopher A. Eiswerth*
Christopher A. Eiswerth (D.C. Bar No. 1029490)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0568
Email: christopher.a.eiswerth@usdoj.gov

*Counsel for Defendants*

## U. S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

*Please note any additions or deletions to the style of the case from the style listed on the docket sheet.*

Case No.  1:24-cv-150

State of Kansas, et al. v. United States of America, et al.

Length of trial:

Financial Status:    Fee Paid?                              ☐ Yes    ☑ No
                     If **NO**, has IFP been granted?        ☐ Yes    ☑ No
                     Is there a pending motion for IFP?      ☐ Yes    ☑ No

Are there any other pending post-judgment motions?          ☐ Yes    ☑ No

Please identify the court reporter:        ☐ No hearings held

    Name:  Ronda Colby

    Address:  PO Box 1193, Bismarck, ND 58502

    Telephone Number:  701-530-2300

Criminal cases only:
    Is the defendant incarcerated?    ☐ Yes (include address below)    No ☐

    Please list all other defendants in this case if there were multiple defendants.

**SPECIAL COMMENTS:**

Filing fee waived - Appeal filed by USA