IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

STATE OF KANSAS, et al.,

*Plaintiffs-Appellees*,

v.

UNITED STATES OF AMERICA, *et al.*,

*Defendants-Appellants.*

No. 24-3521

**MOTION TO HOLD APPEAL IN ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27, defendants-appellants the United States of America and the Centers for Medicare & Medicaid Services (CMS) respectfully move to extend the abeyance of this appeal pending further rulemaking.*

**1.** This appeal concerns a challenge to a final rule issued by CMS in 2024 that, among other things, states that recipients of deferred action under the Deferred Action for Childhood Arrivals program are considered "lawfully present in the United States" for certain purposes under the Affordable Care Act (ACA) and consequently may be eligible to obtain health insurance on an ACA exchange and to receive certain federal subsidies. Kansas and 18 other States challenged the rule as unlawful, and the district court issued a preliminary injunction and stay of the effective date of the rule within the 19 plaintiff States. The federal government appealed the district court's

---

* Counsel for plaintiffs-appellees have stated that they oppose this request.

order, and the parties filed opening and response briefs pursuant to the expedited schedule this Court ordered on December 23, 2024.

**2.** On February 11, 2025, the federal government filed a consent motion to hold this appeal in abeyance for 60 days to allow new agency officials to evaluate the issues presented in the case. The Court granted that motion on February 24.

**3.** On March 19, 2025, CMS published in the Federal Register a notice of proposed rulemaking to "modify the definition of 'lawfully present'" to "exclude DACA recipients from the definition" of that term as it is used in the ACA. 90 Fed. Reg. 12,942, 13,010 (Mar. 19, 2025). The proposed rule would effectively rescind the agency action challenged in this litigation.

**4.** The comment period on the proposed rule closed on April 11, 2025, and CMS could act anytime to finalize the rulemaking. If it adheres to its proposal, CMS could issue a final rule amending the challenged rule before the Court would enter a decision in this case. If CMS finalizes the proposed rule, this appeal—as well as the underlying case in district court—would become moot. *See Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368, 374 (5th Cir. 2022) ("When a challenged rule is replaced with a new rule, the case is moot so long as the change gives 'the precise relief that petitioners requested.'"); *Friends of Animals v. Bernhardt*, 961 F.3d 1197, 1203 (D.C. Cir. 2020) ("[T]he government's abandonment of a challenged regulation is just the sort of

2

development that can moot an issue."). In that eventuality, any further party or Court resources devoted to this appeal would be wasted.

 **5.**  Because CMS's forthcoming actions may obviate the need for this Court to address the merits of this preliminary-injunction appeal—or prevent the Court from doing so due to mootness—the federal government respectfully suggests that the abeyance of this appeal be extended pending final action on the new proposed rule. Such an abeyance will conserve party and judicial resources and promote the efficient and orderly disposition of this appeal. Furthermore, plaintiffs would not suffer any harm from an abeyance because the preliminary injunction will remain in effect—and the challenged rule will not be in effect in the plaintiff States—during that time.

 **6.**  The government respectfully proposes to update the Court with status reports every 60 days or on a schedule this Court orders.

## CONCLUSION

For the foregoing reasons, defendants-appellants respectfully request that the abeyance of this appeal be extended pending further rulemaking.

Respectfully submitted,

MELISSA N. PATTERSON
*s/ Joshua M. Koppel*
JOSHUA M. KOPPEL
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave. NW*
  *Room 7212*
  *Washington, DC 20530*
  *(202) 514-4820*

*Counsel for Defendants-Appellants*

APRIL 2025

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 575 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

Pursuant to Circuit Rule 28A(h)(2), I further certify that the motion has been scanned for viruses, and the motion is virus free.

*s/ Joshua M. Koppel*
Joshua M. Koppel

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*s/ Joshua M. Koppel*
Joshua M. Koppel