IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| STATE OF KANSAS, et al.,<br><br>  *Plaintiffs-Appellees*,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>  *Defendants-Appellants*. | No. 24-3521 |

## STATUS REPORT

  This appeal concerns a challenge to a final rule issued by the Center for Medicare & Medicaid Services (CMS) in 2024 that, among other things, states that recipients of deferred action under the Deferred Action for Childhood Arrivals program are considered "lawfully present in the United States" for certain purposes under the Affordable Care Act (ACA) and consequently may be eligible to obtain health insurance on an ACA exchange and to receive certain federal subsidies. On March 19, 2025, CMS published in the Federal Register a notice of proposed rulemaking to "modify the definition of 'lawfully present'" to "exclude DACA recipients from the definition" of that term as it is used in the ACA. 90 Fed. Reg. 12,942, 13,010 (Mar. 19, 2025). The comment period on the proposed rule closed on April 11, 2025. On April 22, 2025, the federal government defendants moved to hold

this appeal in abeyance pending further rulemaking. The Court granted that motion on April 28, 2025, and ordered the government to file periodic status reports.

On June 30, 2025, the government notified the Court that CMS issued a final rule on June 25, 2025. 90 Fed. Reg. 27,074 (June 25, 2025). The final rule amends the relevant regulations to provide that "[a]n individual with deferred action under the Department of Homeland Security's Deferred Action for Childhood Arrivals process … shall not be considered to be lawfully present" for purposes of the Affordable Care Act. *Id.* at 27,220. The revised regulations will become effective on August 25, 2025. *Id.* at 27,074. By order of July 1, 2025, the Court ordered the government to file another status report or a motion to govern further proceedings by August 1.

This appeal should remain in abeyance at the present time. After the new final rule becomes effective on August 25, the regulations that plaintiffs challenge will no longer be in effect, and the case will be moot. Accordingly, the government expects to file a motion to dismiss the present appeal within 14 days of the effective date of the new rule, by September 8, 2025.

Respectfully submitted,

MELISSA N. PATTERSON

/s/ *Joshua M. Koppel*
JOSHUA M. KOPPEL
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7212*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   (202) 514-4820

AUGUST 2025

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*s/ Joshua M. Koppel*
Joshua M. Koppel